**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5291-18T2

U.S. NATIONAL BANK
ASSOCIATION, AS
INDENTURE
TRUSTEE ON BEHALF OF
AND WITH RESPECT TO
AJAX MORTGAGE LOAN
TRUST 2018-B,
MORTGAGE-BACKED NOTES,

     Plaintiff-Respondent,

v.

WILLIAM MARLER,

     Defendant-Appellant,

and

DANIELLE MARLER,

     Defendant.

_____

        Submitted May 28, 2020 – Decided June 23 2020

        Before Judges Koblitz and Mawla.

        On appeal from the Superior Court of New Jersey,
        Chancery Division, Ocean County, Docket No.

F-009930-17.

William Marler, appellant pro se.

Pluese, Becker and Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

Defendant William Marler[1] appeals from a July 18, 2019 final foreclosure judgment in the amount of $511,336.77. He argues the court erred in granting summary judgment and disputes the amount of the judgment, raising issues relating to the Notice of Intent to Foreclose (NOI) and the calculation of the late fees. Because we do not find those arguments persuasive, we affirm.

The "party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Standing is conferred by "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

---

[1] Co-defendant Danielle Marler is not a party to the appeal.

"We review a grant of summary judgment de novo, applying the same standard as the trial court." Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019). A court should grant summary judgment "when 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Ibid. (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995)); see also R. 4:46-2(c).

On November 11, 2004, defendant executed a $317,300 adjustable rate note at 7.25 percent, securitized by a property in Toms River. The loan was transferred to various institutions.

Defendant failed to pay on August 1, 2012, or thereafter. A new loan servicer became effective January 20, 2012. The NOI was sent on November 7, 2012, via certified and regular mail, stating that $21,011.96 was needed to bring the loan current. The foreclosure complaint was not filed until April 21, 2017. Plaintiff, U.S. National Bank Association, as Indenture Trustee on Behalf of and with Respect to Ajax Mortgage Loan Trust 2018-B, Mortgage-Backed Notes (US Bank), was substituted as plaintiff by order on January 9, 2019.

A-5291-18T2

Defendant claims on appeal that the NOI did not comply with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68, and plaintiff violated the Home Ownership Security Act (HOSA), N.J.S.A. 46:10B-22 to -35, by overcharging late fees. Defendant alleges plaintiff calculated late fees in excess of the five percent statutory cap, N.J.S.A. 46:10B-25(d)(1), and improperly charged more than one late fee with respect to a single payment, N.J.S.A. 46:10B-25(d)(3). Although defendant defaulted on his payments in August 2012, plaintiff calculated late fees only on twenty-four missed payments from September 2014 through February 2017.[2]

It is unclear what evidence defendant believes supports his claim of unfair late fees. He seems to think that plaintiff is only allowed to charge a single late fee for one month, no matter how many months have passed.

Defendant also claims that plaintiff's NOI was defective in that a new NOI should have been sent within a reasonable time of the filing of the foreclosure complaint and the NOI served did not contain accurate information as to the identity of the lender. Indeed, a 2019 statute requires service of the NOI within

_____

[2] It is unclear why no late fees were charged between August 2012 and September 2014 or between September 2015 and May 2016.

six months of the foreclosure complaint.  N.J.S.A. 2A:50-56(g).  Moreover, N.J.S.A. 2A:50-56(c)(11) requires that the NOI include:

> the name and address of the lender and the telephone number of a representative of the lender whom the debtor may contact if the debtor disagrees with the lender's assertion that a default has occurred or the correctness of the mortgage lender's calculation of the amount required to cure the default.

A new lender took over after the NOI was served here.

Our Supreme Court has determined that a trial court "fashioning an equitable remedy" for a statutory violation of the NOI "should consider the impact of the defect . . . upon the homeowner's information about the status of the loan, and on his or her opportunity to cure the default."  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 479 (2012).

The trial court determined that defendant "admits to plaintiff's compliance with the FFA by sending NOI's. . . . The only issue contested by defendant is plaintiff's standing."  Defendant raised many other issues before the trial court not raised on appeal.

"In foreclosure matters, equity must be applied to plaintiffs as well as defendants."  Angeles, 428 N.J. Super. at 320.  Here, defendant does not dispute that he did not pay the mortgage for seven years prior to the judgment of foreclosure.  He claims no ignorance of his obligation, nor difficulty in making

a payment due to a lack of information. Rather, he argues that the statute should be strictly enforced. We agree that the statute serves a salutary purpose. Defendant, however, did not seek to cure his 2012 default at any time. The trial court equitably granted summary judgment and the amount due awarded by the trial court is not inflated.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5291-18T2